UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YORLY JOSUE NUNEZ RAMIREZ,<br>Petitioner,<br>v.<br>WARDEN/FACILITY ADMINISTRATOR, Imperial Detention Facility; CURRENT OR ACTING FIELD OFFICE DIRECTOR, ICE San Diego Field Office; CURRENT OR ACTING DIRECTOR, United States Immigration and Customs Enforcement; CURRENT OR ACTING SECRETARY, United States Department of Homeland Security; and CURRENT OR ACTING ATTORNEY GENERAL OF THE UNITED STATES,<br>Respondents. | Case No.: 3:26-cv-5455-JES-DDL<br>**ORDER GRANTING WRIT FOR PETITION OF HABEAS CORPUS**<br>**[ECF No. 1]** |

Before the Court is Petitioner Yorly Josue Nunez Ramirez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's OSC order (ECF No. 2), Respondents filed a Return. ECF No. 4. After due consideration and for the reasons set forth below, the Court **GRANTS** the petition.

## I. BACKGROUND

Petitioner is a native of Honduras who came to the United States in June 2019 when he was still a minor. ECF No. 1 ¶ 8. He was classified as an alien who entered without inspection and issued a Notice to Appear ("NTA"), which required him to attend a hearing at a date and time "to be set." *Id.* ¶ 9, Exh. A. Petitioner was then placed into custody of the Office of Refugee Resettlement ("ORR") as an unaccompanied minor. *Id.* Exh. B. On July 19, 2019, Petitioner was released by ORR to his father's custody in Florida. *Id.* ¶ 8, Exh. B. Following his release from federal custody, Petitioner lived openly in the United States for seven years and pursued an asylum claim. *Id.* ¶ 9. His initial removal proceedings were dismissed in January 2025. *Id.* ¶ 10.

Petitioner was taken into custody on July 30, 2026, after Customs and Border Protection pulled him over for an immigration inspection. ECF No. 4. at Exh. 1. He has since been transferred to Imperial Regional Detention Facility, where he is currently being held. ECF No. 1 ¶ 2. Petitioner initially had a bond hearing scheduled for August 10, 2026, but the hearing was withdrawn because Petitioner's counsel did not attend. ECF No. 4 at 2. Although Petitioner's bond hearing was rescheduled for September 23, 2026, the request was later "withdrawn" without further explanation. *Id.* at 2, Exh. 3.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas

jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

Petitioner challenges the legality of his re-detention, alleging that Respondents re-detained him without first providing a written custody determination or meaningful process. ECF No. 1 ¶¶ 13–14. In their Return, Respondents concede that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225, and thus is entitled to request a bond hearing. ECF No. 4 at 2. However, Respondents assert that the Petition is moot because Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and is "able to receive the relief he is entitled to receive"—namely, a bond hearing. ECF No. 4 at 2.

The Court rejects the Government's arguments. Reading the Petition liberally—as it was pro se—the Court finds that Petitioner alleged that he was unlawfully detained. *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. We are specifically directed to construe pro se pleadings liberally. This duty applies equally to pro se motions and with special force to filings from pro se inmates." (cleaned up)). Petitioner was not required to exhaust administrative remedies before bringing a habeas petition challenging the lawfulness of his initial detention, as that is exactly what habeas petitions are for. *See United States v. Kirby* (*In re Kirby*), 106 F.3d 855, 866 (9th Cir. 1996) ("In habeas, a petitioner challenges the legality of his detention.").

Further, the Court agrees with Petitioner on the merits. This Court has already held that non-citizens that entered the United States as minors and were subsequently released to a sponsor by ORR have a protected liberty interest in remaining free from detention, explaining as follows:

> The [Trafficking Victims Protection Reauthorization Act ("TVPRA")] governs the detention of unaccompanied minors who are apprehended at or

> near the U.S. border, and requires them to be "promptly placed in the least restrictive setting that is in the best interest of the child." 8 U.S.C. § 1232(c)(1). The TVPRA allows minors to be released to the custody of guardians upon determination the child is not a danger to themselves or community and does not present a flight risk. *See id.* at 1232(c)(2)(a). Aliens afforded release under the TVPRA have the same due process protections regarding re-detention as those granted parole or release as adults: at a minimum, they are entitled to notice and opportunity to be heard regarding the individualized changed circumstances justifying revocation in their case. As this Court has previously explained, notice and opportunity to be heard regarding the revocation of a liberty interest like parole or supervised release must be meaningful to be constitutionally sufficient, which requires that the government comport with the requirements of the statutes governing that individual's status.

*Perez v. Casey*, No. 26-cv-0655-JES-BLM, 2026 WL 370397, at *1–2 (S.D. Cal. Feb. 10, 2026) (citations omitted). The Court concluded that "Petitioner was granted release under the TVPRA, creating a liberty interest protected by the Due Process clause" that could not be taken away without notice and opportunity to be heard. *Id.* Other courts have similarly held the same. *See, e.g.*, *Orellana-Batres v. Casey*, No. 3:26-cv-00801-RBM-MSB, 2026 WL 1075655, at *3–4 (S.D. Cal. Apr. 20, 2026); *R.D.T.M. v. Wofford*, No. 1:25-cv-01141-KES-SKO (HC), 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025) (finding a due process violation with similar circumstances under the *Mathews v. Eldridge* framework); *S.K. v. Hermosillo*, No. 2:26-cv-00789-TLF, 2026 WL 936458, at *3–4 (W.D. Wash. Apr. 7, 2026); *Aguilar v. Hermosillo*, No. 2:26-cv-00537-BAT, 2026 WL 706658, at *3 (W.D. Wash. Mar. 13, 2026).

The Court adopts the reasoning of these prior courts and finds that Petitioner has a protected liberty interest subject to due process rights given his prior release by the ORR. Respondents have provided no evidence to indicate that Petitioner was granted any due process when he was re-detained in July, nor has he received any since then. *See generally* ECF No. 4. The Court further finds, as many other courts have, that release is the appropriate relief for this violation. *See Perez*, 2026 WL 370397, at 2; *R.D.T.M.*, 2025 WL 2617255, at *6; *Orellana-Batres*, 2026 WL 1075655, at *4; *Singh v. Noem*, No. 26-CV-

1081-BJC-DDL, 2026 WL 686313, at *2 (S.D. Cal. Mar. 11, 2026); *Aguilar*, 2026 WL 706658, at *3.

## IV. CONCLUSION

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **<u>immediately</u>** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **<u>October 13, 2026</u>**, confirming that Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 5, 2026



Honorable James E. Simmons Jr.
United States District Judge